United States Bankruptcy Court
Southern District of Texas
**ENTERED**
October 12, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATED BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CASE NO: 23-32658 |
| **KATHLEEN LOUISE GRIFFIN,** | § | |
| | § | |
| Debtor. | § | |
| | § | |
| | § | CHAPTER 7 |

## MEMORANDUM OPINION

Pending before the Court are two matters self-styled as, "Petitioning Creditor's (I) Motion for Reconsideration of the Court's Extension Order and (II) Objection to Extension Motion, or Alternatively, Motion to Strike Extension Motion" filed by Lori Hood on August 28, 2023 and "Alleged Debtor's Second Amended Answer to Involuntary Petition and Motion for Order Dismissing Involuntary Petition for Cause" filed by Kathleen Louise Griffin on August 29, 2023. Having considered the evidence in the record, arguments of counsel, applicable law, and for all of the reasons discussed *infra*, Lori Hood's "Petitioning Creditor's (I) Motion for Reconsideration of the Court's Extension Order and (II) Objection to Extension Motion, or Alternatively, Motion to Strike Extension Motion" is denied and Kathleen Louise Griffin's "Alleged Debtor's Second Amended Answer to Involuntary Petition and Motion for Order Dismissing Involuntary Petition for Cause" is denied in part with respect to Fed. R. Civ. P. 12(b)(6).

### I. BACKGROUND

1. On July 14, 2023, Lori Hood ("*Petitioning Creditor*") filed an involuntary petition ("*Involuntary Petition*") against Kathleen Louise Griffin ("*Alleged Debtor*") under Chapter 7 of the United States Bankruptcy Code.[1]

---

[1] ECF No. 1.

2. On August 8, 2023, Alleged Debtor filed her, "Alleged Debtor's Answer to Involuntary Petition, Motion for Order Dismissing Involuntary Petition for Cause and Request for Sanctions" ("*Answer/MTD*").[2]

3. On August 9, 2023, the Court struck Alleged Debtor's Answer/MTD for failing to attach a proposed order and for violating Federal Rule of Civil Procedure ("*Rule*") 11(c)(2) concerning motions for sanctions.[3]

4. On August 10, 2023, Alleged Debtor filed her, "Alleged Debtor's Motion to Extend Time to File and Serve a Response to Involuntary Petition" ("*Motion to Extend*").[4]

5. On August 11, 2023, the Court granted Alleged Debtor's Motion to Extend ("*Extension Order*") thereby granting Alleged Debtor until August 18, 2023, to file an amended answer or motion to dismiss.[5]

6. On August 13, 2023, Alleged Debtor filed her, "Alleged Debtor's First Amended Answer to Involuntary Petition and Motion for Order Dismissing Involuntary Petition for Cause" ("*Amended Answer/MTD*").[6]

7. On August 28, 2023, Petitioning Creditor filed her, "Petitioning Creditor's (I) Motion for Reconsideration of the Court's Extension Order and (II) Objection to Extension Motion, or Alternatively, Motion to Strike Extension Motion" ("*Motion to Reconsider*").[7]

8. On August 29, 2023, Alleged Debtor filed her, "Alleged Debtor's Second Amended Answer to Involuntary Petition and Motion for Order Dismissing Involuntary Petition for Cause" ("*Second Amended Answer/MTD*").[8]

9. The Court set an initial hearing date for the Motion to Reconsider and Second Amended Answer/MTD for September 13, 2023, but it was continued by agreement until October 6, 2023.[9]

10. Petitioning Creditor did not file a response to Alleged Debtor's Answer/MTD, Amended Answer/MTD or Second Amended Answer/MTD.

11. Alleged Debtor did not file a timely response to Petitioning Creditor's Motion to Reconsider.

12. On October 6, 2023, the Court held a hearing ("*Hearing*") on Alleged Debtor's Second Amended Answer/MTD.

---

[2] ECF No. 7.
[3] ECF No. 8.
[4] ECF No. 9.
[5] ECF No. 10.
[6] ECF No. 12.
[7] ECF No. 16.
[8] ECF No. 17.
[9] *See* ECF No. 30; September 13, 2023, Courtroom Minutes.

13. On October 10, 2023, the Court held a hearing ("*Second Hearing*") on Petitioning Creditor's Motion to Reconsider.

## II. JURISDICTION, VENUE, AND CONSTITUTIONAL AUTHORITY

This Court holds jurisdiction pursuant to 28 U.S.C. § 1334, which provides "the district courts shall have original and exclusive jurisdiction of all cases under title 11 or arising in or related to cases under title 11." Section 157 allows a district court to "refer" all bankruptcy and related cases to the bankruptcy court, wherein the latter court will appropriately preside over the matter.[10] This Court determines that pursuant to 28 U.S.C. § 157(b)(1) that this Court may hear and determine the disposition of this Involuntary Petition. Furthermore, pursuant to § 157(2)(A) and (O) this is a core proceeding as it concerns the administration of the estate and adjustment of the debtor-creditor relationship in this case.

This Court may only hear a case in which venue is proper.[11] Pursuant to 28 U.S.C. § 1408(1), venue is proper "in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding [the petition date]…" Here, Alleged Debtor was located in Houston, TX for 180 days preceding the petition date.[12] Thus, venue is proper.

While bankruptcy judges can issue final orders and judgments for core proceedings, absent consent, they can only issue reports and recommendations on non-core matters.[13] As discussed, *supra*, the pending dispute before this Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(1),

---

[10] 28 U.S.C. § 157(a); *see also In re Order of Reference to Bankruptcy Judges*, Gen. Order 2012-6 (S.D. Tex. May 24, 2012).
[11] 28 U.S.C. § 1408.
[12] ECF No. 1, ¶ 10.
[13] *See* 28 U.S.C. §§ 157(b)(1), (c)(1); *see also Stern v. Marshall*, 564 U.S. 462, 480, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011); *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 135 S. Ct. 1932, 1938–40, 191 L.Ed.2d 911 (2015).

(2)(A) and (O). Accordingly, this Court concludes that the narrow limitation imposed by *Stern* does not prohibit this Court from entering a final order here.[14] Alternatively, this Court has constitutional authority to enter a final order because all parties in interest have consented, impliedly if not explicitly, to adjudication of this dispute by this Court.[15] The parties have engaged in litigation in front of this Court, including numerous hearings and motions practice. None of these parties has ever objected to this Court's constitutional authority to enter a final order or judgment. These circumstances unquestionably constitute implied consent. Thus, this Court wields the constitutional authority to enter a final order here.

### III.   ANALYSIS

Pending before the Court are two matters: (A) Petitioning Creditor's Motion to Reconsider and (B) Alleged Debtor's Second Amended Answer/MTD. The Court will consider each in turn.

**A. Petitioning Creditor's Motion to Reconsider**

Petitioning Creditor asserts that this Court's Extension Order was issued in error and seeks reconsideration of the Extension Order pursuant to Rule 54(b).[16] In support, Petitioning Creditor asserts four arguments, to wit: (1) Petitioning Creditor was not afforded an opportunity to object to the Motion to Extend, (2) this Court did not make a finding of excusable neglect as required by Federal Rule of Bankruptcy Procedure ("*Bankruptcy Rule*") 9006(b) to grant the Motion to Extend,

---

[14] See, e.g., *Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 547-48 (8th Cir. BAP 2012) ("Unless and until the Supreme Court visits other provisions of Section 157(b)(2), we take the Supreme Court at its word and hold that the balance of the authority granted to bankruptcy judges by Congress in 28 U.S.C. § 157(b)(2) is constitutional."); see also *Tanguy v. West (In re Davis),* No. 00-50129, 538 F. App'x 440, 443 (5th Cir. 2013) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provides that its limited holding applies only in that 'one isolated respect' .... We decline to extend *Stern's* limited holding herein.") (Citing *Stern*, 564 U.S. at 475, 503, 131 S.Ct. 2594).

[15] *Wellness Int'l Network, Ltd. v. Sharif,* 575 U.S.655, 135 S. Ct. 1932, 1947, 191 L.Ed.2d 911 (2015) ("*Sharif* contends that to the extent litigants may validly consent to adjudication by a bankruptcy court, such consent must be expressed. We disagree. Nothing in the Constitution requires that consent to adjudication by a bankruptcy court be express. Nor does the relevant statute, 28 U.S.C. § 157, mandate express consent . . . .").

[16] ECF Nos. 10, 16.

(3) that Alleged Debtor failed to demonstrate excusable neglect necessary for this Court to grant the Motion to Extend, and (4) the Motion to Extend should be stricken for failure to adhere to BLR 9013-1(f) and Bankruptcy Rule 9011(a).

There is no specific provision for a motion to reconsider under the Federal Rules of Civil Procedure.[17] In the Fifth Circuit, a motion to reconsider may be brought under Rule 54(b) or Rule 59(e).[18] Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits a bankruptcy court to reconsider and reverse its decision for any reason.[19] "Rule 54(b)'s approach to the interlocutory presentation of new arguments as the case evolves can be more flexible, reflecting the inherent power of the rendering district court to afford such relief from interlocutory judgments as justice requires."[20] Here, the Court's Extension Order is interlocutory and thus reconsideration pursuant to Rule 54(b) is appropriate.

The Court will now consider each of Petitioning Creditor's arguments in turn.

1. **Whether Petitioning Creditor was afforded an opportunity to object to the Motion to Extend.**

First, Petitioning Creditor asserts that the negative notice language proscribed by BLR 9013-1(b) entitles Petitioning Creditor to twenty-one (21) days to file a response prior to the Court ruling on the matter.[21] Petitioning Creditor is mistaken, and the Court points to DLR 7.8, made applicable to this proceeding by BLR 1001-1(b), which provides, "[t]he Court may in its discretion,

---

[17] *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."); *United States v. Fisch*, No. H-11-722, 2018 WL 1541780, at *3 (S.D. Tex. Mar. 28, 2018).
[18] *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336–38 (5th Cir. 2017).
[19] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *MetroPCS v. Fiesta Cell Phone & Dish Network, Inc.*, No. H-16-3573, 2017 WL 6888531, at *1 (S.D. Tex. Oct. 3, 2017) (when analyzing a motion to reconsider under Rule 54(b), "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.").
[20] *Austin*, 864 F.3d at 337 (internal quotations omitted).
[21] *Id.* at 7-8.

on its own motion or upon application, entertain and decide any motion, shorten or extend time periods, and request or permit additional authority or supporting material."[22] Furthermore, the District Court for the Southern District of Texas, in applying DLR 7.8, has provided that the Court is not bound to wait for a response to be filed to an opposed motion before issuing a ruling notwithstanding the usual twenty-one (21) day period allowed for a response to be filed.[23] Thus, Petitioning Creditor's first argument is without merit.

### 2. Whether the Court made a finding of excusable neglect as required by Federal Rule of Bankruptcy Procedure 9006(b)

Petitioning Creditor next asserts that the Court's Order[24] granting the Motion to Extend was issued in error because the Court did not make a finding of excusable neglect under Bankruptcy Rule 9006(b).[25]

Bankruptcy Rule 9006(b) provides:

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.[26]

Petitioning Creditor is mistaken that this Court did not make a finding of excusable neglect. Alleged Debtor acknowledged the four factor test enumerated by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assoc* in her Motion to Extend with respect to showing excusable

---

[22] *See* Bankruptcy Local Rule 1001-1(b) ("In addition to these rules, the Local Rules of the District Court, the Administrative Procedures for CM/ECF, and the standing and general orders govern practice in the bankruptcy court."); District Local Rule 7.8.
[23] *Lowery v. City of Conroe, Texas*, No. CIV.A. H-05-3101, 2006 WL 1581915 (S.D. Tex. June 6, 2006) ("Finally, the Court notes that, while the Local Rules do ordinarily provide a nonmoving party twenty days to respond to an opposed motion, the Court is not bound to that timetable.").
[24] ECF No. 10.
[25] ECF No. 16 at 8-9.
[26] Fed. R. Bankr. P. 9006(b).

neglect and provided supportive reasoning to satisfy each element.[27] As enumerated in this Court's Extension Order, the Court both reviewed and considered the motion and found it to be meritorious.[28] This Court was under no obligation to expressly enumerate in writing an exhaustive analysis of excusable neglect, especially when it concerns a routine request for an extension as was the case here.[29] However, as discussed *infra*, the Court now expressly finds that excusable neglect did exist for purposes of resolving Petitioning Creditor's Motion to Reconsider.

### 3. Whether Alleged Debtor demonstrated excusable neglect

Petitioning Creditor next asserts that Debtor failed to show excusable neglect to allow this Court to grant the Motion to Extend.[30]

The Supreme Court has articulated four factors to consider in finding that excusable neglect exists under 9006(b), to wit: (i) the danger of prejudice to the debtor; (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reason for the delay (including whether it was in the reasonable control of the movant); and (iv) whether the movant acted in good faith.[31]

First, the Court finds that the danger of prejudice to the Alleged Debtor would have been extraordinarily high were the Court not to have granted the Motion to Extend. As noted by Petitioning Creditor in their Motion to Reconsider, Alleged Debtor would have faced a default judgment in this involuntary bankruptcy proceeding were the Court not to have granted the Motion to Extend.[32]

Second, the length of delay in seeking the Motion to Extend and the impact on proceedings was almost non-existent as Alleged Debtor filed its Amended MTD/Answer only two days after

---

[27] *See* ECF No. 9.
[28] ECF No. 10.
[29] ECF No. 9.
[30] ECF No. 16 at 9-11.
[31] *Pioneer Inv. Servs. Co. v. Brunswick Assoc.*, 507 U.S. 380, 395 (1993).
[32] *See* ECF No. 16 at 7-8; 11 U.S.C. § 303(h).

the Court granted Alleged Debtor's Motion to Extend.[33] Furthermore, the original Answer/MTD was filed within the time period prescribed by Fed. R. Bankr. P. ("*Bankruptcy Rule*") 1011(b) and only became untimely because it was struck for violations of BLR 9013-1(h) concerning the attachment of proposed orders and Rule 11(c)(2) concerning the need to separate motions for sanctions.[34]

Third, Petitioning Creditor asserts that, "in most cases, an attorney's simple misunderstanding of the Federal Rules 'weighs heavily against a finding of excusable neglect.'" Petitioning Creditor cites the Fifth Circuit in *Midwest Emps. Cas. Co. v. Williams* in support of this proposition.[35] In both *Midwest* and *Halicki v. Louisiana Casino Cruises, Inc.*, the Fifth Circuit found that a misunderstanding of the federal rules as it pertains to the time period to file a notice of appeal and a Rule 59(e) motion respectively "weighs heavily against a finding of excusable neglect."[36] While the Fifth Circuit has held that misunderstandings of the federal rules usually do not constitute excusable neglect, it has also indicated that it "continue[s] to leave open the possibility that some misinterpretations of the federal rules could constitute excusable neglect."[37] This Court is also bound by and must consider the Supreme Court's guidance in *Pioneer*, which, concerning motions to extend pursuant to Bankruptcy Rule 9006(b)(1), held that, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."[38]

After careful consideration, this Court finds that this is a rare circumstance and *Midwest* and *Halicki* do not compel that the Motion to Extend be denied in this instance. First, the Court

---

[33] ECF Nos. 10, 12.
[34] ECF No. 8. *See also* BLR 9013-1(h); Fed. R. Civ. P. 11(c)(2).
[35] ECF No. 16 (citing *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 880-81 (5th Cir. 1998)).
[36] *Midwest*, 161 F.3d at 880; *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).
[37] *Midwest*, 161 F.3d at 880.
[38] *Pioneer*, 507 U.S. at 395.

notes that *Midwest*, *Halicki*, and other Fifth Circuit cases discussing this issue, almost always involve an attorney missing a deadline that is clearly delineated in the federal rules, often a deadline to appeal.[39]

Here, unlike the attorneys in *Midwest* and *Halicki* who missed their original deadline to file an appeal and Rule 59(e) motion, Alleged Debtor did not miss the original deadline to file her answer.[40] It was only because this Court struck the original answer than an extension of time was necessary to correct the highlighted deficiencies concerning BLR 9013-1(h) and Rule 11(c)(2).[41] In fact, had the Court instead chose to order Alleged Debtor to file an amended answer as opposed to striking it, the amended answer would have related back pursuant to Rule 15(c).[42]

Furthermore, this Court also notes that the Fifth Circuit has also repeatedly held that, "[t]he Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver. Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations…"[43] This Court considers this Motion to Reconsider to be a procedural maneuver to obtain a default judgment and avoid litigation on the merits.

Last, Petitioning Creditor does not suggest or argue that the Motion to Extend was filed in bad faith[44] and the Court finds that it was filed in good faith. As such, this Court finds that Alleged Debtor has shown excusable neglect. As such, having considered each of the *Pioneer* factors, this Court finds that Alleged Debtor has shown excusable neglect.

   **4. Whether the Motion to Extend should be stricken**

---

[39] *Midwest*, 161 F.3d at 880; *Halicki,* 151 F.3d at 470. *See also L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521 (5th Cir. 2021); *Bennett v. GEO Grp., Inc.*, No. 12-60017, 2013 WL 5916765, at *3 (5th Cir. May 22, 2013).
[40] *See* ECF No. 7; Fed. R. Bankr. P. 1011(b).
[41] *See* ECF No. 8.
[42] Fed. R. Civ. P. 15(c).
[43] *See e.g., Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).
[44] *See* ECF No. 16.

Last, Petitioning Creditor asserts that the Motion to Extend should be struck pursuant to Rule 11(a) and BLR 9013-1(f) for being filed without a signature or certificate of service.[45] Petitioning Creditor's last argument is perhaps the most perplexing, as Alleged Debtor's Motion to Extend was clearly signed by her counsel and included a certificate of service.[46]

Accordingly, Petitioning Creditor's Motion to Reconsider is denied.

The Court will next consider Alleged Debtor's Second Amended Answer/MTD.

## B. Alleged Debtor's Second Amended Answer/MTD

Alleged Debtor seeks dismissal of the Involuntary Petition pursuant to: (1) Rule 12(b)(6), (2) Section 305(a), and Section 105(a).[47]

The Court must first address two preliminary matters. First, this Court notes that Alleged Debtor has filed both a motion to dismiss and an answer to the Involuntary Petition.[48] However, Bankruptcy Rule 1011(b), which is cited in Alleged Debtor's Second Amended Answer/MTD, provides, "[d]efenses and objections to the petition shall be presented in the manner prescribed by Rule 12 F.R.Civ.P…"[49] Rule 12(b) in turn provides, "[a] motion asserting any of these defenses *must be made before pleading* if a responsive pleading is allowed…"[50] Since Alleged Debtor has elected to file a motion to dismiss pursuant to Bankruptcy Rule 1011(b) the answer portion of Alleged Debtor's Second Amended Answer/MTD was filed prematurely. Thus, the answer portion of Alleged Debtor's Second Amended Answer/MTD is struck.

---

[45] ECF No. 16 at 11.
[46] *See* ECF No. 9 at 3-4.
[47] ECF No. 17.
[48] *See id.*
[49] Fed. R. Bankr. P. 1011(b).
[50] Fed. R. Civ. P. 12(b) (emphasis added).

Second, this Court continues to take Alleged Debtor's arguments under advisement with respect to dismissal under § 305(a) and § 105(a).[51] Thus, at this time the Court only issues its ruling with respect to arguments made pursuant to Rule 12(b)(6).

The Court will now consider Alleged Debtor's Rule 12(b)(6) arguments.

1. **Motion to Dismiss pursuant to Rule 12(b)(6)**

First, although Alleged Debtor does not clearly articulate the Rule 12(b)(6) standard in her Second Amended Answer/MTD,[52] she clarified at the Hearing that she does seek dismissal pursuant to Rule 12(b)(6).[53] Thus, the Court treats Alleged Debtor's request for "dismissal under § 303(b)(2)"[54] as being brought under Rule 12(b)(6).

Bankruptcy Rule 1011 provides that the debtor may contest an involuntary petition and it expressly allows the Alleged Debtor to file a Rule 12 motion before answering.[55] Thus, Rule 12(b)(6) applies in a contested involuntary petition just as it does generally: the motion challenges the sufficiency of the allegations in the involuntary petition.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must clear two hurdles. First, the complaint must describe the claim in enough detail to give fair notice of the claim and the grounds for it.[56] "[A] formulaic recitation of the elements of a cause of action will not do."[57] Specifics are unnecessary, but some facts must support each element.[58] Second, the complaint must state a claim "plausible on its face,"[59] meaning the plaintiff's right to relief must

---

[51] ECF No. 17.
[52] *See id.*
[53] October 6, 2023, Courtroom Minutes.
[54] ECF No. 17 at 5-6.
[55] Fed. R. Bankr. P. 1011.
[56] *See* FED. R. CIV. P. 8(a) (made applicable by Fed. R. Bankr. P. 7008).
[57] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).
[58] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[59] *Twombly*, 550 U.S. at 570.

rise above a "speculative level."[60] Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief."[61] In *Ashcroft v. Iqbal*, the Supreme Court held that Rule 8(a)(2) requires that "the well-pleaded facts . . . permit the court to infer more than the mere possibility of misconduct."[62]

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[63] "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[64] Motions to dismiss are disfavored and thus, rarely granted.[65] When considering a motion to dismiss under Rule 12(b)(6), courts accept well-pleaded allegations as true and liberally construe the complaint in favor of the plaintiff.[66] When considering a motion to dismiss under Rule 12(b)(6), the Court must assess the legal feasibility of the complaint, not weigh the evidence that might be offered in its support.[67]

Here, Alleged Debtor asserts that Petitioning Creditor has the burden of showing that Alleged Debtor has less than twelve bonafide creditors, and that "[a]s demonstrated by Exhibit 1, Alleged Debtor had more than twelve creditors at the time of the Involuntary Petition… Petitioning Creditor has not shown that Alleged Debtor has less than 12 creditors…"[68] Alleged Debtor's arguments are, however, evidentiary in nature and thus both inappropriate and inapplicable to a

---

[60] *Id.* at 555.
[61] FED. R. CIV. P. 8(a).
[62] 556 U.S. at 679 (quoting Rule 8(a)(2)).
[63] *Id.* at 678.
[64] *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) ("A complaint does not need detailed factual allegations, but must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true raise a right to relief above the speculative level.") (citations omitted).
[65] *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005).
[66] *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).
[67] *Koppel v. 4987 Corp.,* 167 F.3d 125, 133 (2d Cir. 1999).
[68] ECF No. 17 at 5-6.

Rule 12(b)(6) motion.

As this Court has previously noted in *In re Haymond*, Bankruptcy Rule 9009(a) requires parties to use the Official Forms prescribed by the Judicial Conference of the United States in filing a bankruptcy petition without alteration,[69] and its "legal sufficiency is generally assumed."[70] While the use of Rule 12 is allowed in the context of an involuntary petition, its benefits are usually limited since Official Form 105 must be used without alteration.[63]

In determining if an involuntary petition withstands a motion to dismiss, the Court must look at the substantive requirements under 11 U.S.C. § 303.[71] In order to successfully plead an involuntary petition, a petitioning creditor must establish that: (1) the alleged debtor can be a debtor under chapter 7 or 11 of the Bankruptcy Code; (2) the petitioning creditor has standing to file an involuntary petition under § 303(b); and (3) the alleged debtor is generally not paying his debts as they become due and the debts are not the subject of a bona fide dispute as to liability or amount.[72] As this Court has previously held, this is accomplished by checking the appropriate boxes on the Official Form 105 as required by the Bankruptcy Code.[73]

Here, Petitioning Creditor used Official Form 105 as required by the Bankruptcy Code and asserts in paragraph eleven that, (1) "Each petitioner is eligible to file this petition under 11 U.S.C. § 303(b)"; (2) "The debtor may be the subject of an involuntary case under 11 U.S.C. § 303(a)"; and (3) "The debtor is generally not paying such debtor's debts as they become due, unless they are the subject of a bona fide dispute as to liability or amount."[74] This satisfies the Rule 8(a)

---

[69] *In re Haymond*, 633 B.R. 520, 531 (Bankr. S.D. Tex. 2021).
[70] *Id.*
[71] *In re Haymond*, 633 B.R. 520 (Bankr. S.D. Tex. 2021).
[72] 11 U.S.C. § 303(a), (b), (h).
[73] *In re Haymond*, 633 B.R. at 532.
[74] ECF No. 11, ¶ 11.

pleading standards for purposes of an involuntary petition.[75] Thus, Alleged Debtor's motion to dismiss under Rule 12(b)(6) is denied.

Accordingly, Alleged Debtor's motion to dismiss pursuant to Rule 12(b)(6) is denied.

### IV.   CONCLUSION

An order consistent with this Memorandum Opinion will be entered on the docket simultaneously herewith.

SIGNED October 12, 2023

_____
Eduardo V. Rodriguez
Chief United States Bankruptcy Judge

---

[75] *See In re Haymond*, 633 B.R. at 532-33.